**In re David CRUDUP.**

No. 04–05–00297–CV.

Court of Appeals of Texas, San Antonio.

July 20, 2005.

Robert W. Wilson, Gale, Wilson & Sanchez, P.L.L.C., San Antonio, for appellant.

Clarkson F. Brown, Asst. Dist. Atty., Thomas W. Gendry, Gendry & Sprague, P.C., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

Relator, David Crudup, brings this mandamus action to vacate the order of the trial court granting the Bexar County District Attorney's Office's Motion to Quash Trial Subpoenas and For Protective Order. We conditionally grant the petition for writ of mandamus.

## BACKGROUND

Relator sued the real parties in interest, Cynthia Blank and her son, Travis Blank, ("the Blanks") for malicious prosecution following the dismissal of criminal charges brought against relator by the Bexar County District Attorney's Office ("DA"). The criminal charges were filed by the DA after Cynthia Blank filed a criminal complaint alleging relator threatened to kill her son.[2] According to relator, during the course of the criminal investigation, Cynthia had numerous conversations with the DA's Office regarding the case. In preparation for the civil trial, relator issued subpoenas to Sylvia Cavazos (assistant DA), Al Larry (DA investigator), and Robert McCabe (former assistant DA). The DA's Office moved to quash the subpoenas, arguing its files were exempt from discovery as privileged and objecting to any requirement that the representatives of the DA's Office provide testimony in the lawsuit. Following a hearing, the trial court granted the motion to quash. Relator filed a petition for writ of mandamus, asking this court to direct the trial court to issue the subpoenas.

## ANALYSIS

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998). A party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. *In re Fulgium*, 150 S.W.3d 252, 253–54 (Tex.App.—Texarkana 2004, no pet.). An appeal will not be an adequate remedy where the party's ability to present a viable claim or

defense at trial is vitiated or severely compromised by the trial court's discovery error. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992) (holding that "a denial of discovery going to the heart of a party's case may render the appellate remedy inadequate.").

To prevail on his malicious prosecution claim, relator must establish the following: (1) a criminal prosecution was commenced against the plaintiff; (2) the prosecution was initiated or procured by the defendant; (3) the prosecution terminated in favor of the plaintiff; (4) the plaintiff was innocent; (5) the defendant lacked probable cause to instigate the prosecution; (6) the defendant acted with malice in bringing about the prosecution; and (7) the plaintiff suffered damages as a result of the prosecution. *Thrift v. Hubbard*, 974 S.W.2d 70, 77 (Tex.App.—San Antonio 1998, pet. denied) (district attorney testified at trial). The Texas Supreme Court has held as follows:

> In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him *upon which the official acted* was known to be false.

*Browning–Ferris Indus. v. Lieck*, 881 S.W.2d 288, 294 (Tex.1994) (emphasis added) (citation omitted). Thus, "a person who knowingly provides false information to the grand jury or a law enforcement official who has the discretion to decide whether to prosecute a criminal violation

---

**2.** The DA's Office charged relator with making terroristic threats, a Class A misdemean-

or.

cannot be said to have caused the prosecution if the information was immaterial to the decision to prosecute." *King v. Graham*, 126 S.W.3d 75, 78 (Tex.2003). "If the decision to prosecute would have been made with or without the false information, the complainant did not cause the prosecution by supplying false information. Therefore, to recover for malicious prosecution when the decision to prosecute is within another's discretion, the plaintiff has the burden of proving that that decision would not have been made *but for* the false information supplied by the defendant." *Id.* (emphasis added).

■ In his petition for writ of mandamus, relator asserts he has no adequate remedy at law because the trial court's order vitiates or severely compromises his ability to present a viable claim at trial. Specifically, relator argues the protective order prevents him from presenting testimony from the DA's Office to prove that it would not have filed the criminal charges "but for" the false information provided by the Blanks.

In *King*, the Supreme Court reversed a malicious prosecution claim in part because the plaintiffs "offered no evidence whatever—*as by opinion from [District Attorney] Sutton, for example*—that the decision to prosecute was based on any [false] information supplied by" the malicious prosecution defendant. *King*, 126 S.W.3d at 78. Here, because relator must establish that the decision by the Bexar County District Attorney's Office to prosecute "would not have been made but for" any false information supplied by the Blanks, the trial court's order severely compromises relator's ability to present a viable claim. *See e.g. Thrift*, 974 S.W.2d at 78 (district attorney's testimony in malicious prosecution case that he pursued his investigation based on false information provided by complainant in criminal case provid-

ed some evidence that criminal prosecution would not have occurred "but for" the information in the complaint).

■ The DA argues that its representatives should not be required to testify because "the mental processes of district attorneys are privileged by the work-product rule." The "work-product" privilege encompasses "mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys. . . ." *See* Tex.R. Civ. P. 192.5(b)(1). If a party asserts information is protected from disclosure by a privilege, it is that party's burden to make a prima facie showing of the privilege. *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex.1996) (orig.proceeding). To do this, the resisting party must plead the specific privilege, produce evidence to support it by affidavit or testimony, and if the trial court determines it is necessary, produce the information for in camera inspection. *Marathon Oil Co. v. Moye*, 893 S.W.2d 585, 589–90 (Tex.App.—Dallas 1994, orig. proceeding).

In its response to the petition for writ of mandamus, the DA acknowledges it has already provided the requested documents. Therefore, the DA's Office has waived any privilege related to document production and the only issue is whether the DA has established that the testimony of its representatives is privileged. We conclude it has not. At trial, relator must establish whether the information supplied to the DA's Office was material to the DA's decision to prosecute. *See King*, 126 S.W.3d at 78. Under these circumstances the work-product privilege does not operate as a blanket privilege covering all decisions made by the DA's Office. *See King*, 126 S.W.3d at 78 (considering plaintiff's failure to offer any evidence, such as the district attorney's opinion that the decision to prosecute was based on any false informa-

tion supplied by defendant). For these reasons, we conclude the DA's Office has failed to meet its burden of showing any basis to quash the subpoenas. Accordingly, the trial court erred in granting the motion to quash and protective order.

## CONCLUSION

Accordingly, the writ is CONDITION-ALLY GRANTED. Tex.R.App. P. 52.8(c). The Honorable Karen Pozza is OR-DERED to withdraw her April 14, 2005 Order granting the District Attorney's Office's Motion to Quash and For Protective Order. If she does not do so within ten days of this order, we will issue the writ.

All costs are assessed against the party who incurred them.