**In re Pete ROZELLE, Jr.**

No. 04–07–00061–CV.

Court of Appeals of Texas,
San Antonio.

May 16, 2007.

Timothy Patton, Timothy Patton, Carmen Samaniego, Christa Samaniego, Law Office of Christa Samaniego, San Antonio, for appellant.

Frank Oliver, Oliver & Oliver, P.C., Waylon L. Allen, Law Office of Waylon

Allen, Austin, Kevin M. Young, Prichard Hawkins McFarland & Young, L.L.P., Sharon E. Callaway, Crofts & Callaway, P.C., George H. Spencer, Jr., Kathryn A. Stephens, Clemens & Spencer, San Antonio, N. Keith Williams, Kerrville, for appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

Opinion by PHYLIS J. SPEEDLIN, Justice.

On January 25, 2007, relator, Pete Rozelle, Jr., filed a petition for writ of mandamus seeking relief from an order denying his motion to withdraw deemed admissions under Tex.R. Civ. P. 198.3. The court has heard oral argument and considered relator's petition for writ of mandamus, the responses by the real parties in interest, and the relator's reply. Because we hold that the trial court abused its discretion in denying Rozelle's request to withdraw his deemed admissions, we conditionally grant the writ of mandamus, and order the trial court to vacate its order denying withdrawal of Rozelle's deemed admissions and to grant Rozelle's motion to withdraw the deemed admissions.

## FACTUAL AND PROCEDURAL BACKGROUND

This original proceeding arises out of lengthy litigation involving the Boerne Farm, real property purportedly worth more than $2,000,000, and other properties which Rozelle alleges were wrongfully conveyed to Barbara Fellows and David Brock by E. Edd Pritchett, trustee of the Rozelle Family Trust, in payment for Pritchett's personal debt. The discrete issue before the court in this mandamus proceeding stems from Rozelle's failure to timely respond to requests for admission during a two-month period in which he was *pro se* while searching for new counsel to represent him. We briefly summarize the relevant procedural history.

Rozelle was being represented by attorneys from Haynes & Boone in the underlying litigation. On August 7, 2006, over Rozelle's objection, Haynes & Boone was permitted to withdraw due to a conflict of interest. Four days later, counsel for Fellows and Brock served Rozelle with requests for admission phrased almost exclusively as issue-preclusive legal conclusions; they also served requests for production and interrogatories, and refiled a counterclaim seeking a declaratory judgment against Rozelle that they had previously non-suited. Rozelle admitted receiving the requests for admission on August 12, 2006, but failed to respond by the September 13 deadline; therefore, the requests were deemed admitted in accordance with Tex.R. Civ. P. 198.2(c).

On October 6, 2006, Fellows and Brock filed a summary judgment motion which was substantially the same as a prior summary judgment motion that was denied,[2] except that it also relied on the deemed admissions. On October 13, Rozelle retained new counsel, who subsequently discovered the pending discovery requests in the 12 boxes of documents delivered to her office. Rozelle's new counsel filed late responses and objections and a motion to

---

2. In February 2006, Fellows, Brock and Pritchett filed traditional and no evidence motions for summary judgment asserting that there was no express trust and Rozelle's claims were thus barred by the statute of frauds, and Rozelle was not a beneficiary of any trust and thus lacked standing. Rozelle filed a lengthy response with multiple attachments, and the trial court denied the summary judgment motions, stating that "a jury should not be denied hearing this story." The import of the judge's remark is interpreted differently by the two sides.

withdraw the deemed admissions on October 24, 2006. Attached to the motion to withdraw was Rozelle's affidavit detailing the reasons for his failure to timely respond to the requests for admission: initially, he mistakenly believed he had 50 days to respond; he realized his responses were due before the September 13 deadline, but he "was not sure what to do without the advi[c]e of [his] own attorney" due to the complexity of the case; then, he forgot about the deadline while he was in the process of diligently searching for new counsel and dealing with personal family issues, including his stepfather's death and father's serious injury.

On December 11, 2006, a hearing was held on the motion to withdraw the deemed admissions and on the summary judgment motion based in part on the admissions. In addition to argument of counsel, the trial court considered Rozelle's motion and affidavit, the affidavit of his new counsel stating when she was hired and when she discovered the requests for admission, and Fellows' and Brock's response in opposition to withdrawal of the deemed admissions.[3] At the conclusion of the hearing, the court verbally denied Rozelle's motion to withdraw the deemed admissions, finding no evidence that his failure to timely respond was due to "accident or mistake." The court stated it would hold the summary judgment motion in abeyance for at least ten days to permit Rozelle to file a mandamus on the issue of the deemed admissions. On December 21, 2006, the trial court issued a signed general order granting summary judgment in favor of Fellows and Brock; their claim for attorney's fees remains pending. The written order denying the

motion to withdraw deemed admissions was not signed until December 24, 2006. Pritchett subsequently filed a summary judgment motion that is substantially the same as his prior summary judgment motion, but includes the deemed admissions as a ground; it also remains pending.

## ANALYSIS

In his petition, Rozelle requests this court to issue a writ of mandamus instructing the trial court to: (1) vacate its order denying his motion to withdraw the deemed admissions; (2) grant his motion to withdraw the deemed admissions and permit Rozelle to substitute his late responses and objections; and (3) reconsider its summary judgment order in favor of Fellows and Brock.[4]

### Standard of Review

Mandamus is proper only to compel the performance of a ministerial act, or to correct a clear abuse of discretion by the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding)). In addition, there must be no other adequate remedy at law. *Id.*

A clear abuse of discretion occurs when a trial judge acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex.2002) (orig.proceeding). With respect to factual issues or matters committed to the trial court's discretion, an abuse of discretion exists when the record establishes that the trial court could have reasonably reached only one decision. *Id.; Walker*, 827 S.W.2d at 840. Even if the appellate court

---

3. Counsel for Pritchett did not oppose Rozelle's motion to withdraw the deemed admissions.

4. In his reply and at oral argument, Rozelle disavowed any request that this court review or reverse the summary judgment in this mandamus proceeding.

would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Johnson*, 700 S.W.2d at 918. On the other hand, review of a trial court's determination of legal principles is much less deferential. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker*, 827 S.W.2d at 840. Thus, a clear failure by the court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in reversal by mandamus. *Id.* When the facts and law permit the trial judge to make only one decision, mandamus is proper. *Johnson*, 700 S.W.2d at 917.

■ Mandamus is generally not available to correct interlocutory orders that are merely incidental to the normal trial process because those types of errors may be corrected on appeal. *In re Consolidated Freightways, Inc.*, 75 S.W.3d 147, 151 (Tex.App.-San Antonio 2002, orig. proceeding). A party seeking review of a discovery order by mandamus must demonstrate that the remedy offered by an ordinary appeal is inadequate. *Walker*, 827 S.W.2d at 842. The Texas Supreme Court has expressly held that an appellate remedy is not inadequate merely because it may involve more expense or delay. *Id.; see also Iley v. Hughes*, 158 Tex. 362, 368, 311 S.W.2d 648, 652 (1958) (intervention through mandamus is justified only when parties stand to lose their substantial rights). An appeal is not an adequate remedy, however, when a party's ability to present a viable claim or defense at trial is destroyed or severely compromised by a trial court's discovery error. *Walker*, 827 S.W.2d at 843; *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex.1991) (orig.proceeding) ("[w]henever a trial court imposes sanctions which have the effect of adjudicating a dispute, wheth-er by striking pleadings, dismissing an action or rendering a default judgment, but which do not result in rendition of an appealable judgment, then the eventual remedy by appeal is inadequate"); *In re Crudup*, 179 S.W.3d 47, 49 (Tex.App.-San Antonio 2005, orig. proceeding).

### No Adequate Remedy by Appeal

■ In their response to Rozelle's mandamus petition, Fellows and Brock argue that because Rozelle could obtain a severance of the interlocutory summary judgment order based on the deemed admissions, and then appeal that as a final judgment, he therefore has an adequate remedy by appeal which defeats mandamus relief. We disagree. In *Walker v. Packer*, the court stated there is no adequate remedy by appeal for a merit-preclusive discovery sanction, unless "the sanctions are imposed simultaneously with the rendition of a final, appealable judgment." *Walker*, 827 S.W.2d at 843; *TransAmerican*, 811 S.W.2d at 919. Here, the discovery order was signed shortly after the partial summary judgment order. The summary judgment in favor of Fellows and Brock is interlocutory because their claim for attorney's fees is still outstanding, and Rozelle's claim against Pritchett as trustee is still alive in the consolidated lawsuit. To date, no severance order has been entered.

■ Despite Fellows' and Brock's assertion that Rozelle could "easily" obtain a severance order and thereby "create" a final appealable judgment, Rozelle has no *right* to a severance; it is discretionary with the trial court under Rule 41. *See* TEX.R. CIV. P. 41 (providing "[a]ny claim against a party may be severed and proceeded with separately"); *see also In re Allstate County Mut. Ins. Co.*, 209 S.W.3d 742, 745 (Tex.App.-Tyler 2006, orig. proceeding) (noting that trial courts have

broad discretion to sever a lawsuit into separate suits or grant separate trials on claims or issues). A trial court properly exercises its discretion in severing claims when: "(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). Here, the trial court could reasonably find that Rozelle's still-pending claims against Pritchett are largely interwoven with those against Fellows and Brock because they are based on many of the same facts and issues. Because there is no final appealable judgment, Rozelle does not have an adequate remedy by appeal to address the merits-preclusive effect of the court's order denying the withdrawal of his deemed admissions.

### Rozelle's "Due Process" Argument Based on Wheeler v. Green

Rozelle asserts that due process bars the deemed admissions in this case because the deemed admissions are a merits-preclusive sanction and the record does not establish "flagrant bad faith or callous disregard for the rules." *See Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex.2005) (per curiam). Fellows and Brock assert that Rozelle waived his due process complaint under *Wheeler* by failing to raise the argument before the trial court. Alternatively, they argue the record reveals a "pattern of discovery misconduct" by Rozelle which amounts to flagrant bad faith and callous disregard for the discovery rules. Pritchett asserts that because Rozelle admitted being aware of the correct deadline before it passed, this case is factually distinguishable from *Wheeler* in which the *pro se* litigant merely miscalculated the deadline.

*See id.* at 441. For the reasons stated below, we respectfully disagree with the real parties in interest, and hold that the trial court abused its discretion in denying withdrawal of Rozelle's deemed admissions.

■■■ The cases primarily relied upon by Fellows and Brock in support of waiver address situations where a party sought to raise a new issue that was not presented to the trial court. *See, e.g., In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex.1998) (orig.proceeding) (refusing to address issue that discovery request in asbestos litigation requested documents relating to silica injuries where objection before trial court was that request was not limited to the products plaintiffs claimed to have used or time period of use); *Nabors Drilling USA, LP v. Carpenter*, 198 S.W.3d 240, 249 (Tex.App.-San Antonio 2006, orig. proceeding) (holding issue of notice and acceptance of Resolution Program was waived where issues presented to trial court were lack of consideration and ambiguity as to whether agreement was for "binding" arbitration); *In re Steger Energy Corp.*, Nos. 04–01–00556–CV & 04–01–00670–CV, 2002 WL 663645, at *4 (Tex.App.-San Antonio Apr.24, 2002, orig. proceeding) (not designated for publication) (refusing to consider issue of whether arbitration agreement was void due to a statutory violation where issue presented to trial court was whether capacity to contract should be determined by the trial court or an arbitrator). In this case, the only issue before the trial court was whether Rozelle should be sanctioned for untimely responding to requests for admissions. Once the trial court acknowledged the merits-preclusive effect of the deemed admissions, the due process concern was automatically raised under the applicable law. *See Wheeler*, 157 S.W.3d at 443.

At the hearing, Brock's attorney acknowledged that the requests for admissions were being used to "preclude presentation of the merits of [the] case." *See id.* Initially, Rozelle's attorney pointed out to the trial court that the requests for admissions were not being properly used, arguing:

These admissions served on Mr. Rozelle contained a lot of conclusions, questions that were in dispute and basically asked him to admit or deny he was not [a] beneficiary, admit or deny [the] trust, requested—in other words, they went to the heart of the matter. They were not admissions for the genuineness of the document or [to] admit undisputed facts as contemplated by the Legislature.

\* \* \* \* \*

... and the request[s] for admissions, themselves, are not proper questions, Your Honor. Those are intended specifically for something like that, for a trap to be set, for a trap to be laid, and I don't believe it's proper. They already knew what the answers were going to be. They already deposed him.

\* \* \* \* \*

I again assert that it is not the purpose of request for admissions, to try the case on [the] merits when they already had those answers. They already deposed him, knew what his responses would be. They knew he was claiming an interest of the trust. That's the whole point or basis of quite a few suits.

In seeking summary judgment after the trial court denied Rozelle's request to withdraw the deemed admissions, Brock's attorney argued:

With the Court's ruling on the Motion to Withdraw Deemed Admissions, we would respectfully submit that we are entitled to summary judgment against Rozelle, Jr., effectively quieting title in Plaintiffs Brock and Fellows, *and the requests for admissions* **covered the waterfront** *in terms of what we requested be admitted.*

(emphasis added). The trial court then acknowledged that the deemed admissions would be a merits-preclusive sanction, stating, "Sounds like if these stand, my order stands on denying withdrawal of deemed admissions, you will be entitled to summary judgment." In keeping with its statement, the trial court subsequently granted the same summary judgment motion it had previously denied with the only basis for the change in the court's ruling being the deemed admissions.

Under an abuse of discretion standard, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker*, 827 S.W.2d at 840. In this case, the due process concern under *Wheeler* is not an unraised issue subject to waiver, it is the law that the trial court was required to determine and apply in deciding whether to permit the deemed admissions to be withdrawn. It is the guiding rule and principle that applies "[w]hen requests for admissions are [not] used as intended," and "when a party uses deemed admissions to try to preclude presentation of the merits of a case." *Wheeler*, 157 S.W.3d at 443. The due process concern arises from the very nature of the merits-preclusive admissions that were requested. Since a trial court has no discretion in determining what the law is, Rozelle cannot "waive" the law that applies when a party uses deemed admissions to try to preclude presentation of the merits of the case.

■ Applying the applicable law under *Wheeler*, we must determine whether the record contains any evidence of flagrant bad faith or callous disregard for the rules by Rozelle which would support denial of his request for withdrawal of the admissions. *See Wheeler*, 157 S.W.3d at 443–44 (holding trial court should have allowed deemed admissions to be withdrawn where the record contained "no evidence" of flagrant bad faith or callous disregard for the rules). Fellows and Brock assert that Rozelle's "pattern" of "evasive" answers to depositions and interrogatories, and his "bad faith" denials of the requests for admissions, constitute evidence of flagrant bad faith and callous disregard for the discovery rules. We disagree. Here, the undisputed evidence showed that Rozelle realized the deadline for the requests for admission was approaching, but was unsure how to proceed without the advice of counsel, and proceeded to hire new counsel before filing responses that were 41 days late along with a motion to withdraw the deemed admissions; he did not request an extension before expiration of the deadline. Such conduct does not rise to the level of "flagrant bad faith and callous disregard" for the discovery rules. *See, e.g., Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 883 (Tex. 2003) (hospital's late production of witness statements in response to request for disclosure did not justify severity of merits-preclusive sanctions); *In re Reagan*, No. 09–07–00113–CV, 2007 WL 1087148, at *1 (Tex.App.-Beaumont Apr.12, 2007, orig. proceeding) (granting mandamus relief where deemed admissions had merits-preclusive effect and record did not show flagrant bad faith or callous disregard for rules); *see also Wheeler*, 157 S.W.3d at 444 (acknowledging applicability of rules of procedure to *pro se* litigants, but also noting that "when a rule itself turns on an actor's state of mind ... application may require a different result when the actor is not a lawyer").

Applying the appropriate due process standard under *Wheeler*, we conclude the trial court abused its discretion in denying Rozelle's request to withdraw the deemed admissions because the record contains no evidence of flagrant bad faith or callous disregard for the rules by Rozelle;[5] in addition, the record contains nothing to justify a presumption that Rozelle's case lacks merit, as the summary judgment motion filed before the existence of the deemed admissions was denied, and nothing to suggest that the real parties in interest are unable to prepare for trial without the deemed admissions. *Wheeler*, 157 S.W.3d at 443–44.

### Conclusion

Accordingly, we hold that the trial court abused its discretion by failing to apply the correct law under *Wheeler* in denying Rozelle's motion to withdraw the deemed admissions. *Id.; Walker*, 827 S.W.2d at 840; *Johnson*, 700 S.W.2d at 917. Therefore, we conditionally grant the writ of manda-

---

**5.** Fellows and Brock assert that there is at least a disputed fact issue concerning the existence of flagrant bad faith and callous disregard for the rules that we may not resolve in this proceeding. *See Davenport v. Garcia*, 834 S.W.2d 4, 24 (Tex.1992) (orig.proceeding) (appellate court may not address disputed issues of fact in original mandamus proceeding such as those created by conflicting affidavits). We disagree. By simply acknowledging the absence of any evidence of flagrant bad faith or callous disregard in the record, we are not engaging in a prohibited resolution of a disputed fact issue; the evidence on this matter consists of the affidavits of Rozelle and his attorney, with no controverting affidavits. In *Wheeler*, the Supreme Court concluded that there was "no evidence" of flagrant bad faith or callous disregard in the appellate record. *See Wheeler*, 157 S.W.3d at 443–44. We are merely following the Supreme Court's approach when we reach a similar conclusion with respect to the record before us.

mus. The writ will only issue if Judge Ables fails to vacate his order denying withdrawal of Rozelle's deemed admissions and to grant Rozelle's motion to withdraw the deemed admissions within ten days from the date of this opinion.