**APPROXIMATELY $1,589.00,**
Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 14–06–00006–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 19, 2007.

Derrick Demetrius King, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Justices FROST, SEYMORE, and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellant, Laura Perez Ansari a/k/a Laura Perez,[1] appeals a judgment ordering forfeiture of $1,589.00 as contraband. In her sole issue, appellant contends the trial court erred by refusing to hear her motion to strike deemed admissions after finding the motion was not timely filed. We reverse and remand.

### BACKGROUND

The State filed a Notice of Seizure and Intended Forfeiture, asserting it had seized approximately $1,589.00 from appellant and alleging the currency was subject to forfeiture as contraband. After appellant filed an answer, the State served a request for admissions. Appellant failed to respond to the request for admissions. The record reflects the parties appeared for a pre-trial conference on August 15, 2005. At that time, appellant was advised the State viewed the case to be in "post answer default" status. Appellant represented that she might file a motion to strike the deemed admissions.

Trial was scheduled for October 17, 2005. Appellant filed a motion to strike deemed admissions on October 13, 2005—four days before trial. In the motion, appellant gave notice that the motion was set for oral hearing on October 17, 2005. At the beginning of the trial, appellant asked the court to first hear this motion. The trial court (a visiting judge presiding over this matter) suggested the motion was not timely filed because the local rules of the Harris County District Courts require that a motion and notice of hearing be filed and served ten days before hearing. Appellant argued that this requirement would improperly conflict with the Texas Rules of Civil Procedure, which require that the motion and notice of hearing be served three days before hearing. *See* TEX. R. CIV. P. 21. The court recessed the trial until the following day to give counsel an opportunity to research and brief the matter.

When the parties appeared the next day, appellant correctly argued that the local rules of the Harris County District Courts require that a motion be filed at least ten days before *written submission;* however, the local rules contain no similar requirement when a motion will be considered at an oral hearing.[2] The State asserted that

---

**1.** Although "Approximately $1,589.00" is technically the appellant in this case, we will refer to the woman from whom that money was sought as appellant.

**2.** See Rules of the Civil Trial Division Harris

a rule imposed particularly by the 133rd District Court of Harris County requires that a motion and notice of hearing be filed and served ten days before oral hearing. The State presented testimony from the coordinator for the 133rd District Court who confirmed this rule. Appellant reiterated that any such rule would impermissibly alter the three-day period prescribed by the Texas Rules of Civil Procedure. However, the trial court applied the rule described by the coordinator of the 133rd District Court and refused to hear the motion to strike deemed admissions.[3]

The State then offered the deemed admissions into evidence. Based on the deemed admissions, the trial court found that the currency at issue was contraband and subject to forfeiture.[4] The trial court signed a final judgment the same day, ordering forfeiture of the $1,589.00. This appeal followed.

## DISCUSSION

In her sole issue, appellant contends the trial court abused its discretion by refusing to hear her motion to strike deemed admissions because the rule applied by the trial court impermissibly expanded the three-day period prescribed by the Texas Rules of Civil Procedure. We agree.

■ Initially, we note that we are presented with an unusual complaint because appellant challenges a trial court's refusal to hear a motion to strike deemed admissions, as opposed to a ruling on the merits of such a motion. We review a trial court's ruling on the merits of a motion to strike deemed admissions under an abuse of discretion standard. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex.1996). However, appellant does not cite any cases establishing the standard for reviewing a trial court's refusal to hear a motion to strike deemed admissions on the ground that it was not timely filed. Nonetheless, appellant suggests that we apply an abuse-of-discretion standard. Even if we apply an abuse-of-discretion standard, the trial court has no discretion in determining what the law is or in applying the law to the facts; thus, a clear failure by the trial court to correctly analyze or apply the law constitutes an abuse of discretion. *See In re Kuntz*, 124 S.W.3d 179, 181 (Tex.2003) (orig.proceeding); *In re Choice Homes, Inc.*, 174 S.W.3d 408, 411 (Tex.App.-Houston [14th Dist.] 2005, orig. proceeding).

■ The Texas Rules of Civil Procedure provide that a motion and notice of hearing "shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court." TEX. R. CIV. P. 21. Rule 21 does not expressly require that a motion and notice of hearing be *filed* at least three days before hearing. *See id.* However, Rule 21 expressly requires that a motion

County District Courts, http://www.justex.net/Courts/Civil/LocalRules.aspx, rule 3.3.3; rule 3.3.4.

3. Although the State cited, and the trial court applied, a rule observed by the 133rd District Court, this case was actually heard in the 157th district court by a visiting judge. We cannot determine from the record why the State cited, and the court applied, a rule particular to a different district court. We presume that, for some reason, the judge of the 133rd District Court temporarily assumed

responsibility for the 157th District Court, although a visiting judge heard this particular case. Regardless of the reason the visiting judge applied the rule of a different court, he refused to hear appellant's motion.

4. The requests for admissions are not in our record although the State offered copies at the hearing and the trial court recited in the judgment that copies were attached. Nevertheless, it is undisputed that the deemed admissions supported the forfeiture.

and notice of hearing be *served* on opposing parties at the time of filing. *See id.* Therefore, Rule 21 effectively requires that a motion and notice of hearing be *filed* at least three days before hearing, unless otherwise provided by the Texas Rules of Civil Procedure or shortened by the court. *See id.*

With certain limitations, a district court is permitted to make local rules. *See* TEX. R. CIV. P. 3a. However, "no time period provided by [the Texas Rules of Civil Procedure] may be altered by local rules[.]" TEX. R. CIV. P. 3a(2).[5] The State suggests Rule 3a(2) precludes application of a local rule to shorten a time period prescribed under the Texas Rules of Civil Procedure, but does not preclude application of a local rule to lengthen a time period prescribed under the Texas Rules of Civil Procedure. We disagree. Rule 3a(2) absolutely prohibits application of a local rule that alters a time period set forth in the Texas Rules of Civil Procedure. *See id.* Rule 3a(2) does not distinguish a local rule that shortens a time period from a local rule that lengthens a time period. *See id.* Therefore, the ten-day requirement prescribed by the "local rule" of the 133rd District Court improperly expanded the three-day period prescribed under the Texas Rules of Civil Procedure.

In addition, although not cited by appellant, Rule 3a(6) provides that "no local rule, order, or practice of any court, other than local rules and amendments which fully comply with all requirements of this Rule 3a, shall ever be applied to determine

the merits of any matter." TEX. R. CIV. P. 3a(6). In this case, the trial court effectively applied a "local rule" or "practice" of the 133rd District Court, which did not fully comply with Rule 3a, to determine the merits of this case because the deemed admissions were merits-preclusive. Accordingly, the trial court abused its discretion by applying the rule of the 133rd District Court and refusing to hear appellant's motion.

The State contends that we may, nonetheless, uphold the judgment because appellant failed to show good cause for withdrawal of the deemed admissions. *See* TEX. R. CIV. P. 198.3 (providing that a trial court may permit withdrawal of deemed admissions if (a) the party shows good cause for the withdrawal; and (2) the trial court finds that the party relying upon the deemed admissions will not be unduly prejudiced and the presentation of the merits of the action will be subserved by permitting withdrawal). Thus, the State contends the trial court did not abuse its discretion by refusing to strike the deemed admissions. However, we are not reviewing the trial court's decision on the merits of appellant's motion; we are reviewing the trial court's refusal to hear the motion. Because the trial court refused to hear the motion, appellant did not have an opportunity to present any evidence and obtain a ruling.[6]

In essence, the State seems to suggest that any improper refusal to hear appellant's motion was harmless because, even if the trial court had heard the motion, it

---

**5.** Under Rule 3a, there are several prerequisites for implementation of a local rule, including approval by the Texas Supreme Court. TEX. R. CIV. P. 3a. We do not know whether the rule at issue comported with these requirements and was properly denominated as a "local rule." Nonetheless, we will determine whether the trial court erred by

applying a "local rule" that altered the periods prescribed under the Texas Rules of Civil Procedure.

**6.** Appellant represented in her motion that she intended to present testimony from her attorney regarding his reasons for failing to respond to the request for admissions.

would have acted within its discretion by refusing to strike the deemed admissions. The State asserts that appellant's failure to file any responses as of the trial date and her delay in seeking to withdraw the deemed admissions precluded a finding of good cause.

 However, the Texas Supreme Court recently recognized that due process concerns arise when, as in this case, a party uses deemed admissions to try to preclude presentation of the merits of a case. *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex.2005) (per curiam); *In re Rozelle*, 229 S.W.3d 757, 763–64 (Tex.App.-San Antonio 2007, orig. proceeding). Therefore, a trial court should permit withdrawal of merits-preclusive, deemed admissions if the record contains no evidence of flagrant bad faith or callous disregard for the rules. *See Wheeler*, 157 S.W.3d at 443–44; *Rozelle*, 229 S.W.3d at 763–64. Because the trial court refused to hear appellant's motion, we do not know what evidence a whole record might have contained relative to the standard recently articulated by the Texas Supreme Court. Accordingly, we cannot conclude the trial court would have acted within its discretion by denying the motion.

Finally, we recognize the Texas Supreme Court in *Wheeler* addressed due process concerns relative to a trial court's ruling on a motion to strike deemed admissions that are merits-preclusive. *See Wheeler*, 157 S.W.3d at 443–44. However, we find that these due process concerns are equally, if not more, applicable to the trial court's refusal to even hear appellant's motion. We have acknowledged that due process requires a trial court to strike deemed admissions that are merits-preclusive, absent evidence of flagrant bad faith or callous disregard for the rules. Accordingly, we conclude that due process certainly requires a trial court to consider a motion to strike deemed admissions that are merits-preclusive to determine whether this standard is satisfied.

Because the trial court erred by refusing to hear appellant's motion, we reverse the judgment and remand for further proceedings consistent with this opinion.