Reversed and Remanded and Majority and Concurring Opinions filed June
12, 2008








 

Reversed
and Remanded and Majority and
Concurring Opinions filed June 12, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00164-CV

____________

 

APPROXIMATELY $14,980.00, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 2006-41188

 



 

M A J O R I T Y   O P I N I O N








This is an appeal from a seizure and forfeiture proceeding
under Chapter 59 of the Texas Code of Criminal Procedure.[1] 
Following a bench trial, the trial court entered a default judgment against
appellant Hermes Antonio Rodriguez,[2]
and based on deemed admissions ordered that $14,980.00 be forfeited to the
State.  In six issues, appellant contends the trial court erred in not
permitting him to demonstrate non-receipt of the discovery requests and in
admitting the deemed admissions into evidence.  We conclude the trial court
erred in deciding, pursuant to a local court rule, not to consider evidence
that appellant did not receive service of the requests, and we reverse the
judgment of the trial court.

I.  Factual and Procedural Background

On June 30, 2006, the State filed a Notice of Seizure and
Intended Forfeiture, stating it had seized contraband property of approximately
$14,980.00 from appellant and that the property was subject to forfeiture. 
Appellant filed an answer generally denying the allegations and served
interrogatories and requests for disclosure on the State.  The State served
appellant via certified mail, return receipt requested, with requests for
admissions.  The requests were sent to appellant=s attorney=s last known
address.  Although the requests did not include a certificate of service, the
State included a certificate of written discovery and also filed the discovery
certificate with the court.  The record reflects that delivery was attempted on
October 21, 2006 and again October 26, 2006.[3] 
The envelope containing the requests for admissions was returned to the State
bearing the United States Post Office stamp Aunclaimed.@








At trial on February 19, 2007, the State submitted the
unanswered requests for admissions into evidence, claiming that due to
appellant=s failure to respond, the requests were deemed
admitted as a matter of law.  The State also submitted the returned envelope
bearing the Aunclaimed@ stamp and the
certified mail receipt showing the two failed attempts at service.  Based on
the deemed admissions, the State moved for a post-answer default judgment. 
Appellant objected, claiming that he had never received the discovery
requests.  He also argued that because no certificate of service was included
in the requests, the State had failed to comply with Texas Rule of Civil
Procedure 21a and therefore could not prove service of notice.  Appellant made
an oral motion to have the deemed admissions set aside, but the trial court
refused the motion because local court rules require that all motions be filed
in writing ten days prior to the hearing or trial.  The court denied appellant=s motion for
continuance on the same grounds.  Appellant argued that Rule 21a entitled him
to an opportunity to present evidence proving non-receipt of service.  The
trial court ultimately disagreed with appellant and refused to consider any
evidence of non-receipt of service or to allow him to withdraw the deemed
admissions.  The trial court admitted the deemed admissions into evidence and
signed a final judgment ordering that the $14,980.00 be forfeited to the State.

In six issues on appeal, appellant contends the trial court
erred in (1) deeming the requests for admissions admitted because service was
not perfected, (2) refusing to consider evidence rebutting any presumption of
service, and (3) finding that the $14,980.00 was contraband because without the
deemed admissions, the evidence was legally insufficient. 

II.  Standard of
Review

The decision to allow or deny the withdrawal of deemed
admissions lies within the broad discretion of the trial court.  Steffan v.
Steffan, 29 S.W.3d 627, 631 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  An appellate court should set aside the trial court=s ruling only if,
after reviewing the entire record, the trial court clearly abused its
discretion by acting without reference to guiding rules or principles, or acted
arbitrarily or unreasonably.  Id.  We also review the trial court=s application of
local court rules in deciding not to hear a motion rebutting the presumption of
service of discovery requests under an abuse of discretion standard.  See
Approximately $1,589.00 v. State, 230 S.W.3d 871, 873 (Tex. App.CHouston [14th
Dist.] 2007, no pet.) (holding that clear failure to correctly analyze or apply
law constitutes an abuse of discretion).








III.  Analysis

Texas Rule of Civil Procedure 198 entitles a litigant to
serve requests for admissions on another party.  See Tex. R. Civ. P. 198.1.  Failure to
timely respond results in each request being deemed admitted by operation of
law.  See Tex. R. Civ. P.
198.2(c).  Rule 198.3 permits withdrawal of the deemed admissions if the
party shows good cause for the withdrawal, the court finds that the parties
relying on the deemed admissions will not be unduly prejudiced, and the court
finds that the presentation of the merits of the action will be subserved by
permitting the withdrawal.  Tex. R. Civ.
P. 198.3.  The failure to answer must have been the result of accident
or mistake and not the result of an intentional act or conscious indifference
on the receiving party=s end.  Steffan, 29 S.W.3d at 631.

A party=s duty to respond is dependent upon
receipt of the requests.  See Tex.
R. Civ. P. 21a; Payton v. Ashton, 29 S.W.3d 896, 898 (Tex. App.CAmarillo 2000, no
pet.).  Where service is not perfected, the receiving party cannot be made to
suffer the consequences of not answering or untimely answering.  Payton,
29 S.W.3d at 898.  Rule
21a provides for service of notice on a party by sending the documents via
certified mail to the party=s last known address.  Tex.
R. Civ. P. 21a.  Service by mail is complete upon deposit of documents
in a properly addressed envelope, postage prepaid, in a post office or official
depository under the care and custody of the United States Postal Service.  Id.
 A certificate by a party or attorney of record is prima facie evidence of
the fact of service.  Id.  Accordingly, notice properly sent
pursuant to Rule 21a, that
is, notice that is properly addressed and mailed with prepaid postage to the
party=s last known address, raises a
presumption that the notice was properly received by the addressee.  Id.;
Mathis
v. Lockwood, 166 S.W.3d 743, 745 (Tex. 2005).  The presumption of receipt of
notice may be rebutted by introducing opposing evidence that the mailing was
not received.  See Tex. R. Civ. P.
21a (ANothing herein
shall preclude any party from offering proof that the notice or instrument was
not received . . . .@); Cliff v. Huggins, 724 S.W.2d
778, 779B80 (Tex. 1987). 
In the absence of any proof to the contrary, the presumption has the force of a
rule of law.  Cliff, 724 S.W.2d at 780.  








In his second issue, appellant claims that because the
State failed to comply with the service requirements stated in Rule 21a, the
trial court erred in admitting the deemed admissions into evidence.  Appellant
argues that the State failed to file a certificate of service with the requests
for admissions, and therefore the State cannot establish a presumption of
service.  The State responds that the certificate of written discovery,
documenting service of the requests for admissions and on file with the court,
satisfied the Rule 21a requirement and established a presumption of service. 
Appellant counters that because the certificate of written discovery did not
indicate the method of service, it could not satisfy the Rule 21a requirement. 

The certificate of written discovery contained appellant=s attorney=s address, a
statement that on a certain date the document was served on opposing counsel,
and the signature of the attorney for the State.[4] 
Although it did not mention the method of service, Rule 21a does not require
that a certificate of service detail the method of service used.  See Tex. R. Civ. P. 21a; Treat v.
Muntzel, No. 13‑04‑216‑CV, 2005 WL 1797048, at *1
(Tex. App.CCorpus Christi July 28, 2005, pet. denied) (mem. op.)
(noting that Rule 21a contains no requirement that certificate of service list
method of service used); Smith v. Mike Carlson Motor Co., 918 S.W.2d
669, 673 (Tex. App.CFort Worth 1996, no pet.) (overruling
claim that certificate of service on motion for summary judgment was defective
because it failed to mention method of service).  At trial, the prosecutor
stated that the certificate of written discovery had been included in the
discovery requests that were mailed to appellant via certified mail, return
receipt requested. 








Rule 21a provides that A[t]he party or
attorney of record shall certify to the court compliance with this rule in
writing over signature and on the filed instrument.@  Tex. R. Civ. P. 21a.  The State
certified compliance with Rule 21a by signing the certificate of written
discovery, serving it with the discovery requests, and filing it with the
court.  The purpose of a certificate of service is to prove that the documents
to which the certificate relates were actually served on the party.  See
Granger v. Moye, No. 03‑97‑00696‑CV, 1998 WL 717196, at
*2 (Tex. App.CAustin Oct. 15, 1998, no pet.) (not designated for
publication).  Here, the certificate provided the date of service and the
recipient=s name and address.  It was signed, filed with the
court, and included in the discovery requests that were sent via certified mail
return receipt requested, an approved method of service under Rule 21a. 

Rule 1 of the Texas Rules of Civil Procedure instructs us
to interpret the rules liberally to Aobtain a just,
fair, equitable and impartial adjudication of the rights of litigants under
established principles of substantive law.@  When the
language in a rule is specific and its meaning is clear, the rule is entitled
to a literal interpretation, unless it would lead to absurdities and defeat the
intent of the enacting body.  Owens‑Illinois, Inc. v. Chatham, 899
S.W.2d 722, 733 (Tex. App.CHouston [14th Dist.] 1995, writ dism=d).  To hold that
the State failed to serve the documents on appellant merely because the
certificate title read ACertificate of Written Discovery@ instead of ACertificate of
Service@ not only runs
contrary to the liberal interpretation urged in Rule 1, but it borders on
applying the rules so as to reach an absurd result.  We conclude the
certificate of written discovery served the purpose of a certificate of service
and functioned as proof that the State attempted to serve appellant=s counsel with the
requests for admissions.  Accordingly, we find that the State sufficiently
complied with the requirements of Rule 21a to raise a presumption of receipt of
notice.  See Cliff, 724 S.W.2d at 780; cf. Mathis, 166
S.W.3d at 745 (concluding no presumption of receipt arose because record
contained no certificate of service, no return receipt from certified mail, and
no affidavit certifying service).  We overrule appellant=s second issue.








In his first issue, appellant argues the trial court erred
in admitting the requests for admissions because he presented evidence that the
requests were not received.  In his third and sixth issues, appellant maintains
the trial court erred in refusing to consider his evidence rebutting the
presumption of receipt of notice, and that if considered, such evidence would
have established he did not actually receive the requests.  We address these
issues together.

At trial, the court refused to allow appellant to move to
set aside the deemed admissions on grounds of non-receipt:

In the event you had filed such a
motion and given 10 days notice that the deemed admissions should be set aside
because you didn=t receive notice then I=d have something
to hear.  But the local rules require that a . . . motion to set aside deemed
admissions, any such motion that you want to have considered by the Court has
got to be in writing, and it has to be filed 10 days before the hearing . . . .

The
trial court then asked appellant if he had any further evidence to present. 
Appellant=s attorney informed the court that he had never
received the requests for admissions.  He stated that the first attempted
delivery occurred on a Saturday when his office was closed, and that he never
received the second attempted delivery, which allegedly occurred the following
Thursday.  He stated that he had no notice of the requests for admissions until
the day of trial.  The
court refused to consider this evidence of non-receipt.  Although the court did
not cite a specific rule in refusing to allow appellant to move to set aside
the deemed admissions, the court was apparently relying on Rules 3.3.1 and
3.3.2 of the Local Rules for Harris County District Courts.  Rule 3.3.1
requires that all motions be submitted to the court in writing.  See Harris Cty.
(Tex.) Civ. Dist. Ct. Loc.
R. 3.3.1.  Rule 3.3.2 requires that motions heard on written submission be
filed at least ten days prior to the date of submission, except on leave of the
court.  See Harris Cty. (Tex.)
Civ. Dist. Ct. Loc. R. 3.3.2.  








Appellant
argues the court erred in applying the local rules because the local rules are
inconsistent with Rule 21a, which provides that A[n]othing herein shall preclude any
party from offering proof that the notice or instrument was not received . . .
.@  Appellant claims that according to
Texas Rule of Civil Procedure 3a, the language Anothing herein shall preclude@ in Rule 21a must prevail over the
time constraints stated in the local rules.  See Tex. R. Civ. P. 3a(1) (providing that Rules of Civil
Procedure override inconsistent local court rules).

We
recently addressed a similar argument.  See Approximately $1,589.00, 230
S.W.3d 871.  In Approximately $1,589.00, the trial court refused to hear
a motion to strike deemed admissions based on local filing rules similar to
those at issue in the present case.  Id. at 872B73.  We held that Rule 3a(2)
absolutely prohibits application of a local rule that alters a time period set
forth in the Texas Rules of Civil Procedure.  Id. at 874.  We also held
that under the circumstances, Rule 3a(6) precluded the trial court=s application of the local rules.  Id. 
Rule 3a(6) provides that Ano local rule, order, or practice of any court, other than
local rules and amendments which fully comply with all requirements of this
Rule 3a, shall ever be applied to determine the merits of any matter.@  See Tex. R. Civ. P. 3a(6).  We held that
because the deemed admissions were merits‑preclusive, the trial court had
effectively applied a Alocal rule@ or Apractice@ which did not fully comply with Rule 3a to determine the
merits of the case.  See Approximately $1,589.00, 230 S.W.3d at 874.

Here,
Rule 21a entitled Rodriquez to an opportunity to present evidence of
non-receipt, and Rule 3a(1) requires that conflicts between local rules and the
Rules of Civil Procedure be resolved in favor of the Rules of Civil Procedure. 
Moreover, due process requires that a trial court consider, absent evidence of
flagrant bad faith or callous disregard for the rules, a motion to strike
deemed admissions that are merits-preclusive.  Id. at 875.  The deemed
admissions in this case were merits-preclusive, and there was no evidence that
appellant acted in flagrant bad faith or callous disregard for the rules. 
Therefore, applying our holding from Approximately $1,589.00, we
conclude the trial court erred to the extent it relied on local court rules in
refusing to consider appellant=s evidence regarding non-receipt of service.  








Appellant argues that if considered by the trial court, the
evidence he put forth demonstrating non-receipt of the requests would have
rebutted the presumption of service.  We agree.  The returned envelope bearing
the United States Post Office Aunclaimed@ mark was
submitted into evidence, as well as the return receipt indicating that delivery
was twice attempted but not completed.  Notice sent by certified mail and
returned Aunclaimed@ does not provide
the notice required by Rule 21a.  See Etheredge v. Hidden Valley Airpark Ass=n, 169 S.W.3d 378, 382 (Tex. App.CFort Worth 2005, pet. denied).  Appellant=s attorney also
directly testified to not receiving the notice.  Because appellant successfully
rebutted the presumption of receipt of actual notice, we conclude the trial
court erred in admitting the deemed admissions into evidence.  See Daniels
v. Lavery, No. 05-06-00216-CV, 2007 WL 549223, at *5 (Tex. App.CDallas Feb. 23,
2007, no pet.) (mem. op.) (holding trial court erred in deeming requests
admitted where evidence indicated requests were returned Aunclaimed@ and appellant
directly told trial judge he knew nothing about certified mail containing the
requests); Rabie v. Sonitrol of Houston, Inc., 982 S.W.2d 194, 197 (Tex.
App.CHouston [1st
Dist.] 1998, no pet.) (holding defendant rebutted presumption of service by
asserting under oath that he never received notice of certified letter from
post office and by presenting evidence that post office=s attempts to
deliver certified mail failed).








The
State argues that even if appellant did not have actual notice, he still received
constructive notice.  Constructive
notice may be established if the serving party demonstrates compliance with
Rule 21a and presents evidence that the intended recipient engaged in instances
of selective acceptance or refusal of certified mail relating to the case.[5] 
See Etheredge, 169 S.W.3d at 382.  Although at trial the State alleged
that appellant did not pick up his mail, the State presented no evidence that
appellant dodged or refused delivery of certified mail.  Without evidence in
the record that appellant dodged or refused delivery of certified mail,
constructive notice cannot be imputed to him.  See id. at 383 (holding
that lack of evidence of dodging receipt or refusing delivery precluded finding
of constructive notice).  We sustain appellant=s first, third,
and sixth issues.[6]

IV.  Conclusion

The
filing of the certificate of written discovery created a presumption of service
which appellant successfully rebutted with evidence of non-receipt.  Because
Rule 21a entitled appellant to an opportunity to present evidence rebutting the
presumption of service, the trial court erred in refusing to consider appellant=s evidence of non-receipt and in
admitting the deemed admissions into evidence. 

We reverse the trial court=s judgment and
remand for further proceedings consistent with this opinion. 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Majority and Concurring Opinion filed June 12, 2008.  (Yates, J. Majority. 
Brown, J. Concurring)

Panel consists of
Justices Yates, Guzman, and Brown.









[1]  Chapter 59 of the Texas Code of Criminal Procedure
concerns the forfeiture of contraband and defines contraband as property of any
nature that is used or intended to be used in the commission of felonies under
the Controlled Substances Act.  Tex.
Code Crim. Proc. Ann. art. 59.01(2)(B)(i) (Vernon Supp. 2007).

 





[2]  Although AApproximately
$14,980.00@ is technically the appellant in this case, we will
refer to Rodriguez, the person from whom that money was sought, as appellant.





[3]   At trial, the State claimed a third attempt was
made on November 5, 2006, but there is no evidence of an additional attempt in
the record.





[4]  The certificate of written discovery stated that AOn the 20th day of October 2006,
Plaintiff, THE STATE OF TEXAS, served her Plaintiff=s First Request for Admissions on
HERMES ANTONIO RODRIGUEZ, Respondent, by service upon his attorney, Kirby J.
Taylor, 4810 Caroline, Houston, Texas 77004.@  





[5]  The State also claims the trial court found that
appellant=s attorney had refused service of certified mail from
the State, and therefore appellant had constructive notice.  We disagree that the trial court actually made such a finding, either
explicitly or implicitly.  The Final Judgment states, AUpon [the State=s]
oral motion, evidence was presented by [the State], regarding the lack of
compliance by Kirby Taylor, Attorney for [appellant] in retrieving the
discovery requests forwarded to [appellant] on October 20, 2006, specifically,
the notice from the U.S. Post Office . . . .@ 
However, this does not constitute an actual finding of constructive notice. 





[6]  In his fourth issue, appellant argues that because
the deemed admissions were not properly before the court, the evidence was
legally insufficient for the trial court to find that the $14,980.00 was
contraband.  However, in a legal sufficiency review the evidence examined
includes improperly admitted evidence, which in the instant case includes the
requests for admissions.  See Koch Oil Co. v. Anderson Producing, Inc.,
883 S.W.2d 784, 790 (Tex. App.CBeaumont 1994),
rev=d on other grounds, 929 S.W.2d 416 (Tex. 1996).  Accordingly,  we cannot do as appellant
asks and review the sufficiency of the evidence without considering the
requests for admissions.  We overrule appellant=s fourth issue.