TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00451-CV






Flora J. Mireles, Appellant


v.


Danny Morman, Appellee






FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY

NO. 08-1486-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING






C O N C U R R I N G A N D D I S S E N T I N G O P I N I O N


 I concur in the judgment to the extent the majority concludes that summary judgment
was improper, reverses the trial court's judgment, and remands for further proceedings. I
respectfully dissent, however, to affirming summary judgment in favor of appellee Danny Morman
on appellant Flora Mireles's liability for common-law conversion. I do not join the majority's
analysis or its ultimate conclusion that the deemed admissions by Mireles are sufficient to support
summary judgment on liability. I would reverse and remand the trial court's judgment in its entirety. 

 Due process concerns arise when a party uses deemed admissions to preclude
presentation of the merits of a claim. Wheeler v. Green, 157 S.W.3d 439, 443 (Tex. 2005)
(per curiam); Approximately $ 1,589.00 v. State, 230 S.W.3d 871, 875 (Tex. App.--Houston
[14th Dist.] 2007, no pet.). "[A] trial court should permit withdrawal of merits-preclusive, deemed
admissions if the record contains no evidence of flagrant bad faith or callous disregard for the rules." 
Approximately $ 1,589.00, 230 S.W.3d at 875 (citing Wheeler, 157 S.W.3d at 443-44).

 In Wheeler, summary judgment was granted against a pro se party based upon
deemed admissions. After the adverse ruling, the party hired counsel and filed a motion for new
trial, contending that the summary judgment based upon the deemed admissions was improper, but
the trial court denied the motion. 157 S.W.3d at 442. Reversing the trial court's granting of
summary judgment, the supreme court "recognize[d] that trial courts have broad discretion to permit
or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without
reference to guiding rules or principles." Id. at 443 (citing Stelly v. Papania, 927 S.W.2d 620, 622
(Tex. 1996)); see also Tex. R. Civ. P. 198.3. Comparing requests for admissions to all other forms
of discovery, the court noted that "we have held for all other forms of discovery that absent flagrant
bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions." Wheeler,
157 S.W.3d at 443-44. Applying this principle to the deemed admissions before it that were used
to preclude the presentation of the merits of the case, the supreme court found "no evidence of
flagrant bad faith or callous disregard for the rules" by the party and held that "the trial court should
have granted a new trial and allowed the deemed admissions to be withdrawn upon learning that the
summary judgment was solely because [the party's] responses were two days late." Id. (1) 

 Here Morman served Mireles with discovery requests, including interrogatories and
requests for admission, on February 5, 2009, by certified mail. Morman requested that Mireles admit
the following facts relevant to Morman's claim of conversion:

 


 The factual assertions made in Plaintiff's live pleadings are factual [sic]
correct.

 Plaintiff is the owner of the Dog.

 Plaintiff is entitled to have the Dog returned to him.

 You knew that Plaintiff is the rightful owner of the Dog when you took
possession of the Dog.

 You took possession of the Dog knowing that Plaintiff was the rightful owner
of the Dog.

 When you took possession of the Dog, you intended to deprive the Dog from
Plaintiff.

 You have made a false allegation that you purchased the Dog from an
unknown person.

 Your allegation that you purchased the Dog from a third-party is false.



 

Mireles responded pro se to the discovery, including denying each of these requests for admissions,
by facsimile on March 18, 2009. The responses, however, were eight days late. See Tex. R. Civ.
P. 21a, 198.2.

 Approximately one month after receiving the responses, Morman filed his motion for
summary judgment, contending his requests for admission were "deemed admitted" because Mireles
was "at least eight days late" in responding and relied upon the "deemed admissions" to support
summary judgment. Tex. R. Civ. P. 166a(c). Morman contended that, because of the deemed
admissions, Mireles "admits that there are no facts, which she can rely upon as a defense to the
incident made the basis of this lawsuit, and to prevent the entry of a judgment on this motion." 
Morman's summary judgment evidence included his discovery requests and Mireles's "untimely"
responses. After the trial court heard and granted the motion in May 2009, Mireles obtained counsel
and filed a motion to modify judgment or for a new trial, but the motion was overruled by operation
of law. In the motion, Mireles urged the trial court to vacate the entire summary judgment, including
the finding of liability, citing and relying upon Wheeler.

 Given that (i) Mireles's motion was overruled by operation of law, (ii) the deemed
admissions precluded presentation of the merits of Morman's conversion claim, and (iii) there was
no "evidence of flagrant bad faith or callous disregard for the rules" on the part of Mireles in
responding to Morman's discovery requests, at a minimum, I would remand the issue of whether to
allow Mireles to withdraw the deemed admissions to the trial court for consideration in light of the
due process concerns expressed in Wheeler. See 157 S.W.3d at 443-44.

 Moreover, the trial court elicited and received oral testimony without any
objection by either party at the summary judgment hearing, and that evidence was contrary to
the merits-preclusive, deemed admissions concerning conversion. (2) See Marshall v. Vise,
767 S.W.2d 699, 700 (Tex. 1989) ("We hold that a party waives the right to rely upon an opponent's
deemed admissions unless objection is made to the introduction of evidence contrary to those
admissions."). Mireles testified that she "did purchase the dog from a neighboring subdivision." (3) 
This testimony is contrary to the deemed admissions supporting Morman's claim of conversion. 
See Smith v. Maximum Racing, Inc., 136 S.W.3d 337, 341 (Tex. App.--Austin 2004, no pet.)
("Conversion is the unauthorized and wrongful assumption and exercise of dominion and control
over the personal property of another to the exclusion of, or inconsistent with, the owner's rights."
(citing Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971))). 


 On this record, I would reverse the summary judgment in its entirety and, at a
minimum, remand the issue of whether to "undeem" the admissions to the trial court in light of the
due process concerns expressed in Wheeler. This dog deserves a do-over.


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Filed: August 6, 2010
1. See also Thomas v. Select Portfolio Servicing, Inc., 293 S.W.3d 316, 320-21 (Tex.
App.--Beaumont 2009, no pet.) (noting that "trial court's discretion is limited by due process" and
that "[d]ue process concerns arise when a party uses deemed admissions to preclude presentation
of the merits of a case," and holding that "the trial court erred in granting summary judgment
on deemed admissions without providing [pro se party] an opportunity to withdraw the
deemed admissions and supplement his responses"); In re Rozelle, 229 S.W.3d 757, 763-64 (Tex.
App.--San Antonio 2007, orig. proceeding) (granting mandamus relief, "[a]pplying the appropriate
due process standard under Wheeler" given "the very nature of the merits-preclusive admissions that
were requested," and holding that "trial court abused its discretion in denying [party's] request to
withdraw the deemed admissions because the record contains no evidence of flagrant bad faith
or callous disregard for the rules by [the party]"); compare Van Hoose v. Vanderbilt Mortgage
& Fin., Inc., No. 03-08-00573-CV, 2009 Tex. App. LEXIS 3136, at *2, 7-8 (Tex. App.--Austin
May 8, 2009, pet. denied) (mem. op.) (affirming summary judgment where pro se appellants failed
to respond to summary judgment or to requests for admissions).
2. Of course, receiving oral testimony at a summary judgment hearing is against the very
concept and basic tenets of the summary judgment procedure. See Tex. R. Civ. P. 166a(c) ("No oral
testimony shall be received at the hearing.").
3. Mireles' responses to interrogatories were also contrary to the deemed admissions. 
She responded:


 The Morman's approached me about a dog I had purchased from a young man on my
way to a garage sale earlier that year in February. In short, Mr. Morman's demeanor
was irate and he threatened to call "911." His wife explained that their dogs had
escaped when their gate was left open and that they were worth about $1600. Due
to coincidental events (the time of purchase/loss of their dog and the fact that I
thought I had originally purchased a black lab) and to avoid problems (and to get
Mr. Morman off my property), I nervously offered to quickly settle this dispute for
$800 without first considering the money I had already invested in this dog. After
having some time to calm down and think without feeling pressured and doing some
research, I called Mrs. Morman and lowered my offer to $400 (for reasons to be
discussed in court). They refused it and called the sheriff who, after speaking with
both of us, made the $400 offer again in my name. They refused a second time.