# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00451-CV

**Flora J. Mireles, Appellant**

**v.**

**Danny Morman, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY**
**NO. 08-1486-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING**

## CONCURRING AND DISSENTING OPINION

I concur in the judgment to the extent the majority concludes that summary judgment was improper, reverses the trial court's judgment, and remands for further proceedings. I respectfully dissent, however, to affirming summary judgment in favor of appellee Danny Morman on appellant Flora Mireles's liability for common-law conversion. I do not join the majority's analysis or its ultimate conclusion that the deemed admissions by Mireles are sufficient to support summary judgment on liability. I would reverse and remand the trial court's judgment in its entirety.

Due process concerns arise when a party uses deemed admissions to preclude presentation of the merits of a claim. *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005) (per curiam); *Approximately $ 1,589.00 v. State*, 230 S.W.3d 871, 875 (Tex. App.—Houston [14th Dist.] 2007, no pet.). "[A] trial court should permit withdrawal of merits-preclusive, deemed

admissions if the record contains no evidence of flagrant bad faith or callous disregard for the rules."

*Approximately $ 1,589.00*, 230 S.W.3d at 875 (citing *Wheeler*, 157 S.W.3d at 443-44).

In *Wheeler*, summary judgment was granted against a pro se party based upon deemed admissions. After the adverse ruling, the party hired counsel and filed a motion for new trial, contending that the summary judgment based upon the deemed admissions was improper, but the trial court denied the motion. 157 S.W.3d at 442. Reversing the trial court's granting of summary judgment, the supreme court "recognize[d] that trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles." *Id*. at 443 (citing *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996)); *see also* Tex. R. Civ. P. 198.3. Comparing requests for admissions to all other forms of discovery, the court noted that "we have held for all other forms of discovery that absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions." *Wheeler*, 157 S.W.3d at 443-44. Applying this principle to the deemed admissions before it that were used to preclude the presentation of the merits of the case, the supreme court found "no evidence of flagrant bad faith or callous disregard for the rules" by the party and held that "the trial court should have granted a new trial and allowed the deemed admissions to be withdrawn upon learning that the summary judgment was solely because [the party's] responses were two days late." *Id*.[1]

---

[1] *See also Thomas v. Select Portfolio Servicing, Inc.*, 293 S.W.3d 316, 320-21 (Tex. App.—Beaumont 2009, no pet.) (noting that "trial court's discretion is limited by due process" and that "[d]ue process concerns arise when a party uses deemed admissions to preclude presentation of the merits of a case," and holding that "the trial court erred in granting summary judgment on deemed admissions without providing [pro se party] an opportunity to withdraw the deemed admissions and supplement his responses"); *In re Rozelle*, 229 S.W.3d 757, 763-64 (Tex. App.—San Antonio 2007, orig. proceeding) (granting mandamus relief, "[a]pplying the appropriate

Here Morman served Mireles with discovery requests, including interrogatories and requests for admission, on February 5, 2009, by certified mail. Morman requested that Mireles admit the following facts relevant to Morman's claim of conversion:

- The factual assertions made in Plaintiff's live pleadings are factual [sic] correct.

- Plaintiff is the owner of the Dog.

- Plaintiff is entitled to have the Dog returned to him.

- You knew that Plaintiff is the rightful owner of the Dog when you took possession of the Dog.

- You took possession of the Dog knowing that Plaintiff was the rightful owner of the Dog.

- When you took possession of the Dog, you intended to deprive the Dog from Plaintiff.

- You have made a false allegation that you purchased the Dog from an unknown person.

- Your allegation that you purchased the Dog from a third-party is false.

---

due process standard under *Wheeler*" given "the very nature of the merits-preclusive admissions that were requested," and holding that "trial court abused its discretion in denying [party's] request to withdraw the deemed admissions because the record contains no evidence of flagrant bad faith or callous disregard for the rules by [the party]"); *compare Van Hoose v. Vanderbilt Mortgage & Fin., Inc*., No. 03-08-00573-CV, 2009 Tex. App. LEXIS 3136, at *2, 7-8 (Tex. App.—Austin May 8, 2009, pet. denied) (mem. op.) (affirming summary judgment where pro se appellants failed to respond to summary judgment or to requests for admissions).

Mireles responded pro se to the discovery, including denying each of these requests for admissions, by facsimile on March 18, 2009. The responses, however, were eight days late. *See* Tex. R. Civ. P. 21a, 198.2.

Approximately one month after receiving the responses, Morman filed his motion for summary judgment, contending his requests for admission were "deemed admitted" because Mireles was "at least eight days late" in responding and relied upon the "deemed admissions" to support summary judgment. Tex. R. Civ. P. 166a(c). Morman contended that, because of the deemed admissions, Mireles "admits that there are no facts, which she can rely upon as a defense to the incident made the basis of this lawsuit, and to prevent the entry of a judgment on this motion." Morman's summary judgment evidence included his discovery requests and Mireles's "untimely" responses. After the trial court heard and granted the motion in May 2009, Mireles obtained counsel and filed a motion to modify judgment or for a new trial, but the motion was overruled by operation of law. In the motion, Mireles urged the trial court to vacate the entire summary judgment, including the finding of liability, citing and relying upon *Wheeler*.

Given that (i) Mireles's motion was overruled by operation of law, (ii) the deemed admissions precluded presentation of the merits of Morman's conversion claim, and (iii) there was no "evidence of flagrant bad faith or callous disregard for the rules" on the part of Mireles in responding to Morman's discovery requests, at a minimum, I would remand the issue of whether to allow Mireles to withdraw the deemed admissions to the trial court for consideration in light of the due process concerns expressed in *Wheeler*. *See* 157 S.W.3d at 443-44.

Moreover, the trial court elicited and received oral testimony without any objection by either party at the summary judgment hearing, and that evidence was contrary to the merits-preclusive, deemed admissions concerning conversion.[2]  *See Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989) ("We hold that a party waives the right to rely upon an opponent's deemed admissions unless objection is made to the introduction of evidence contrary to those admissions.").  Mireles testified that she "did purchase the dog from a neighboring subdivision."[3]  This testimony is contrary to the deemed admissions supporting Morman's claim of conversion.  *See Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.) ("Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." (citing *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971))).

---

[2]  Of course, receiving oral testimony at a summary judgment hearing is against the very concept and basic tenets of the summary judgment procedure.  *See* Tex. R. Civ. P. 166a(c) ("No oral testimony shall be received at the hearing.").

[3]  Mireles' responses to interrogatories were also contrary to the deemed admissions.  She responded:

> The Morman's approached me about a dog I had purchased from a young man on my way to a garage sale earlier that year in February.  In short, Mr. Morman's demeanor was irate and he threatened to call "911."  His wife explained that their dogs had escaped when their gate was left open and that they were worth about $1600.  Due to coincidental events (the time of purchase/loss of their dog and the fact that I thought I had originally purchased a black lab) and to avoid problems (and to get Mr. Morman off my property), I nervously offered to quickly settle this dispute for $800 without first considering the money I had already invested in this dog.  After having some time to calm down and think without feeling pressured and doing some research, I called Mrs. Morman and lowered my offer to $400 (for reasons to be discussed in court).  They refused it and called the sheriff who, after speaking with both of us, made the $400 offer again in my name.  They refused a second time.

On this record, I would reverse the summary judgment in its entirety and, at a minimum, remand the issue of whether to "undeem" the admissions to the trial court in light of the due process concerns expressed in *Wheeler*. This dog deserves a do-over.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Filed: August 6, 2010

6