

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00065-CV
_____

TONY LYNN HAILEY, Appellant

V.

RICHARD GLASER, NANCY YOUNG, LAURINE J. BLAKE, Appellees

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. CV-11-40302

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Tony Lynn Hailey, proceeding pro se, appeals the dismissal of his lawsuit against the Honorable Lauren J. Blake, presiding judge of the 336th Judicial District Court of Texas; Richard Glaser, the Fannin County District Attorney; and Nancy Young, the current Fannin County District Clerk.[1] Hailey filed suit seeking declaratory and injunctive relief for violations of the "Due Course of Law" Clause of the Texas Constitution. Hailey's amended petition seeks relief under the Texas Declaratory Judgment Act for "Due Course of Law" violations.

In 2000, Hailey was convicted of aggravated sexual assault of a child. Hailey filed a writ of habeas corpus in 2006. Hailey alleges that the writ was not immediately forwarded to the Texas Court of Criminal Appeals and that when the district clerk did eventually forward the writ, the clerk omitted the attached memorandum of law and actual innocence claim.[2] The Texas Court of Criminal Appeals remanded the writ to the 336th Judicial District Court which held a hearing and appointed counsel to represent Hailey.

In 2007, a review by the Serological Research Institute concluded that the DNA statistics testified to at Hailey's trial were erroneous and grossly overstated the precision probability of selecting an unrelated person at random.[3] Fortunately, the error appears not to have resulted in

---

[1] Hailey originally sued Shelly Langston, Young's predecessor. In his amended petition, Hailey explicitly abandoned his claims against Langston and substituted Young as a party.

[2] The record contains a letter dated September 1, 2006, in which Langston acknowledges failing to timely forward the writ due to a "large turnover" of staff and apologizes for the delay.

[3] The Serological Research Institute reported that the correct statistics for the areas 2A, 2B, and 3C should have been "'one in 370 Caucasians,' 'one in 33 Blacks,' and 'one in 230 Hispanics[.]'" The Texas Department of Public Safety (DPS), upon further review, made the following representation:

2

the conviction of an innocent man. Subsequent DNA testing, performed in 2007 by both the Serological Research Institute and the DPS, concluded the chance of a random unrelated match to be in the quintillions.

Ultimately, Hailey's writ of habeas corpus was denied. Hailey alleges, though, that a number of actions by Judge Blake, Glaser, and Young's predecessor were illegal acts violating the Texas Constitution. Hailey's fifty complaints include allegations of fabricated evidence and perjured testimony, *Brady*[4] violations, failure to timely issue mandate, failure to timely file his writ of habeas corpus, failure to forward the complete writ to the Texas Court of Criminal Appeals, failure to timely file this lawsuit without an *in forma pauperis* affidavit, failure to permit Hailey to attend a hearing, and failure to appoint Hailey counsel of his choice during the writ of habeas corpus. The trial court dismissed Hailey's complaints with prejudice and Hailey has appealed.

Hailey raises ten issues on appeal. Hailey argues the trial court erred in dismissing his suit as frivolous, by allowing his motion for new trial to be denied by operation of law, by

---

At that time, our laboratory was reporting statistics for the DNA profile of the individual who was included as a possible source of the evidentiary stain, not for the DNA profile obtained from each individual evidentiary stain. Over time, we have refined the statistical reporting methods for DNA casework.

Based on their "refined" method, the DPS agreed with the Serological Research Institute's statistics, but concluded a different combination of loci would result in a DNA profile of "approximately 1 in 5130 for Caucasians, 1 in 503 for Blacks, and 1 in 3510 for Hispanics."

[4]*Brady v. Maryland*, 373 U.S. 83 (1963).

allowing the Texas Attorney General to represent Judge Blake,[5] by permitting Judge Blake to supplement her plea to jurisdiction,[6] by granting Glasser's and Young's motions to dismiss, by abating discovery, by failing to require the court clerk to maintain an accurate court docket, by failing to appoint counsel, and by dismissing with prejudice.

We conclude the trial court did not abuse its discretion in dismissing Hailey's claims because (1) the ultra vires exception to governmental immunity permits only prospective injunctive and prospective declaratory relief, (2) Hailey has not requested injunctive relief that can be granted, and (3) Hailey has only requested retrospective declaratory relief rather than prospective declaratory relief.

## I.    Standard of Review

Under Chapter 14 of the Texas Civil Practice and Remedies Code, a trial court may dismiss an inmate's lawsuit if it finds "the claim is frivolous or malicious." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002). In assessing whether a suit is frivolous or malicious, a trial court may consider various factors, including whether the claim's realistic chance of ultimate success is slight and whether the claim has no arguable basis in law or fact.

---

[5]We note that the Texas Attorney General has constitutional and statutory authority to represent the State of Texas and its officials. *See* TEX. CONST. art. IV, § 22; TEX. CIV. PRAC. & REM. CODE ANN. § 104.004 (West 2011); TEX. GOV'T CODE ANN. § 402.021 (West 2005). Further, even if any error occurred, Hailey has not suffered any injury and would lack standing to challenge any such error. *See S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 307 (Tex. 2007).

[6]Hailey claims he was entitled to three days notice under Rule 21 of the Texas Rules of Civil Procedure and *Approximately $1,589.00 v. State*, 230 S.W.3d 871, 872 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (local rule cannot modify three-day time period provided by TEX. R. CIV. P. 21). Rule 21 provides, "An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court." TEX. R. CIV. P. 21. Hailey objected at the dismissal hearing that he did not receive a fax of the supplementation until the morning of the hearing. We note, though, that the supplementation did not add any additional legal arguments but merely supplemented prior arguments with additional caselaw.

*Id.* We review the trial court's decision for an abuse of discretion. *Smith v. Tex. Dep't of Criminal Justice–Institutional Div.*, 33 S.W.3d 338, 339 (Tex. App.—Texarkana 2000, pet. denied).

## II. Declaratory or Injunctive Relief From Ultra Vires Acts

Hailey argues his lawsuit is not barred by absolute immunity and official immunity because he is requesting only declaratory and injunctive relief. At trial, the Texas Attorney General's Office argued that sovereign immunity bars suits for monetary damages against officials sued in their official capacity.[7] *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009); *Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 776 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.). Judge Blake, Glaser, and Young further argued at trial and on appeal that they are protected by absolute immunity and official immunity. Because all of Hailey's complaints are "intimately associated with the judicial phase of the criminal process,"[8] Judge Blake, Young, and Glaser would be entitled to judicial immunity and derived judicial immunity—forms of absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976) (recognizing absolute immunity to suits under 42 U.S.C. § 1983); *Charleston v. Pate*, 194 S.W.3d 89, 91 (Tex. App.—Texarkana 2006, no pet.); *Martinez v. Hardy*, 864 S.W.2d 767, 772

---

[7]A suit against an official in his official capacity "seeks to impose liability against the governmental unit rather than on the individual specifically named and 'is, in all respects other than name, . . . a suit against the entity.'" *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (quoting *Ky. v. Graham*, 473 U.S. 159, 166 (1985)). Hailey has consistently and clearly indicated that he is suing these officials in their official capacity only.

[8]For acts not intimately associated with the judicial phase, these officials would be entitled to official immunity which provides, "[I]mmunity from suit arising from the performance of [the official's] (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

5

(Tex. App.—Houston [14th Dist.] 1993, no writ) (concluding district clerk protected by absolute immunity).

Exceptions to governmental immunity, though, do exist. Under the ultra vires exception, a request for prospective equitable and injunctive relief from illegal or unauthorized acts under the Texas Declaratory Judgment Act can be pursued. *Heinrich*, 284 S.W.3d at 370. To invoke the ultra vires exception, it must be shown that the officer acted without legal authority or failed to perform a purely ministerial act. *Id.* at 372. Further, the doctrines of absolute immunity and official immunity do not bar suit for prospective declaratory or injunctive relief. *Supreme Court of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719, 736–37 (1980); *Reyna v. City of Weslaco*, 944 S.W.2d 657, 661 (Tex. App.—Corpus Christi 1997, no writ); *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981). Governmental immunity "does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions." *Heinrich*, 284 S.W.3d at 368–69; *see Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620, 623 (Tex. 2011) (per curiam); *see Consumers Union*, 446 U.S. at 735. Thus, we must still consider whether Hailey has requested prospective injunctive and declaratory relief from illegal or unauthorized acts.

## III.     Hailey Has Failed to Request Injunctive Relief that Can Be Granted

Although Hailey has requested injunctive relief, Hailey has failed to make any specific request. Hailey's amended petition requested injunctive relief as follows:

> A preliminary and permanent injunction against the unconstitutional practices, an
> order to insure that all court personnel are properly trained and that the District

6

Attorney and his staff carry out their functions in a constitutional manner, and to remedy past and ongoing violations against Plaintiff.

To the extent Hailey seeks injunctive relief as a "post-conviction remedy," such relief is unavailable. The procedure set forth in Article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when the conviction is final and the applicant is confined by virtue of his felony conviction. *See Ex parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989) (orig. proceeding); *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012). Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991) (orig. proceeding); *cf. Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) (per curiam); *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding).

To the extent Hailey is requesting a general injunction requiring compliance with the law, such an injunction cannot be granted. An injunction must be definite, clear, and precise; it must inform the defendant of the acts from which the defendant is restrained without calling on the defendant to make inferences. TEX. R. CIV. P. 683; *Webb v. Glenbrook Owners Ass'n*, 298 S.W.3d 374, 384 (Tex. App.—Dallas 2009, no pet.). An injunction is not available to "prevent commission of wrongs not imminently threatened." *Webb*, 298 S.W.3d at 384. Hailey has failed to specify an imminently threatened wrong.

7

**IV.    Hailey Has Failed to Request Prospective Declaratory Relief**

Hailey is seeking a declaratory judgment that Judge Blake's, Glaser's, and Young's past acts violated the law.[9]  The ultra vires exception only permits prospective declaratory relief and does not permit retrospective declaratory relief.  *Heinrich*, 284 S.W.3d at 374–77.  The Texas Declaratory Judgment Act is not intended as a vehicle to avoid sovereign immunity.  *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).  The Texas Declaratory Judgment Act is "intended as a means of determining the parties' rights when a controversy has arisen but before a wrong has been committed, 'and is preventative in nature.'"  *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (per curiam) (quoting *Cobb v. Harrington*, 190 S.W.2d 709, 713 (Tex. 1945)); *see Stephens v. City of Houston*, 260 S.W.3d 163, 168 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Hailey's complaints about the trial court's past acts fail to request perspective declaratory relief.  Hailey's habeas corpus action has been finally decided.  Hailey's attempts to seek declaratory relief are merely an attempt to avoid the effect of sovereign immunity.  Governmental immunity bars retrospective declaratory relief.  *Heinrich*, 284 S.W.3d at 374–77.  Because governmental immunity bars Hailey's retrospective complaints, the trial court did not abuse its discretion in dismissing the complaints with prejudice.

---

[9]Glaser and Young also argue, "Any issues arising in 2006 are outside the statute of limitations."  Texas law, though, is not clear concerning what statute of limitations would apply.  Because we conclude governmental immunity bars Hailey's complaints, it is not necessary for us to determine what statute of limitations claim applies to Hailey's complaints.

## V.      Conclusion

Although the ultra vires exception to governmental immunity permits prospective injunctive and declaratory relief, we conclude governmental immunity bars Hailey's claims. Article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction remedy and a general injunction is not available. TEX. CODE CRIM. PROC. ANN. art. 11.07. Hailey has only requested retrospective declaratory relief rather than prospective declaratory relief. Thus, the ultra vires exception does not apply and governmental immunity bars suit.

The trial court did not err in dismissing Hailey's complaints with prejudice. We note that certain dismissals under Chapter 14 should be dismissed without prejudice. *See*, *e.g.*, *Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied) (dismissal without prejudice for failure to file affidavit of suits previously filed). Whether a dismissal under Chapter 14 should be with or without prejudice depends on whether the inmate could remedy the error through a more specific pleading. *Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied). Because governmental immunity bars the claims brought in this lawsuit, Hailey could not cure any error with more specific pleadings. The trial court did not err in dismissing this lawsuit with prejudice. It is not necessary for us to address Hailey's remaining complaints.

For the reasons stated, we affirm the trial court's dismissal with prejudice.


                                        Jack Carter
                                        Justice


Date Submitted:     November 9, 2012
Date Decided:       November 21, 2012